UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TAMARA ANDERSON, individually and
as administratrix of the estate of PETER F.
ANDERSON, deceased,

                              Plaintiff,

    -against-                                              8:11-CV-0169 (LEK/RFT)

UNITED STATES OF AMERICA;
JAMES W. L'EPISCOPO, RPA-C;
MOSES-LUDINGTON HOSPITAL; and
INTER-LAKES HEALTH, INC.,

                              Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

On February 14, 2011, Plaintiff Tamara Anderson ("Plaintiff") brought suit individually and as administratrix of the estate of decedent Peter F. Anderson ("Mr. Anderson"), asserting claims for wrongful death, medical negligence, and loss of consortium against public and private defendants. Dkt. No. 1 ("Complaint").[1] On April 6, 2012, the Court approved a Stipulation for Compromise Settlement and Release of FTCA Claims Pursuant to 28 U.S.C. § 2677 between Plaintiff and Defendant United States of America ("United States" or "Federal Defendant"). Dkt. No. 26 ("Stipulation"). Presently before the Court is a Motion filed by Plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure seeking to dismiss Defendants James W. L'Episcopo, Moses-Ludington Hospital, and Inter-Lakes Health, Inc. (collectively, "the non-federal Defendants") without prejudice. Dkt. No. 24 ("Motion"). Defendants have not opposed the Motion. For the

---

[1] The Court presumes the parties' familiarity with the facts underlying this action and recites the them only to the extent necessary to resolve the instant Motion.

following reasons, the Court grants Plaintiff's Motion and dismisses the claims against the non-federal Defendants without prejudice.

## II.   STANDARD OF REVIEW

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice." FED. R. CIV. P. 41(a)(2). "Although voluntary dismissal without prejudice is not a matter of right, courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted." Staten Island Terminal, LLC v. Elberg, No. 11-CV-3262, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012) (citing Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 216 F.R.D. 29, 36 (E.D.N.Y. 2003)); see also A.V. by Versace, Inc. v. Gianni Versace S.p.A., 261 F.R.D. 29, 31 (S.D.N.Y. 2009).

The decision to grant such a motion falls within the discretion of the district court. United States v. Cathcart, 291 F. App'x 360, 361 (2d Cir. 2008).

> Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the Zagano factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).

Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (citations omitted). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

2

### III.    DISCUSSION

In this case, the Court concludes that regardless of whether it focuses primarily on the question of "plain legal prejudice" or on the application of the Zagano factors, dismissal of Plaintiff's claims against the non-federal Defendants is appropriate.  First, the Court finds no reason to conclude that the non-federal Defendants would suffer any prejudice if the Court were to grant Plaintiff's request.  While the non-federal Defendants would certainly face the prospect of further litigation, the "mere prospect of a second lawsuit" is not tantamount to "plain legal prejudice."  Kwan, 634 F.3d at 230 (quoting Camilli, 436 F.3d at 123).  Further, "the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result," and in this case the non-federal Defendants have not opposed Plaintiff's motion.  A.V. by Versace, Inc., 261 F.R.D. at 31.  Therefore, the Court does not find that granting Plaintiff's request would cause the non-federal Defendants to suffer prejudice.

Applying the Zagano factors also leads the Court to conclude that dismissal under Rule 41(a)(2) is appropriate.  First, Plaintiff was extremely diligent in bringing this Motion.  See Zagano, 900 F.2d at 14.  Indeed, she filed the instant Motion on the same day that she apprised the Court of the likely settlement agreement between Plaintiff and the Federal Defendant.  Compare Dkt. No. 23, with Dkt. No. 24.  Second the Court is unable to identify any behavior by Plaintiff that might amount to "undue vexatiousness."  See Zagano, 900 F.2d at 14.  Third, this case was filed less than a year-and-a-half ago, and has involved relatively little motion practice – indeed, the non-federal Defendants have made no filings other than their Answer.  Dkt. No. 9.  Therefore, the extent to which the suit has progressed and the non-federal Defendants' effort and expense do not weigh against granting Plaintiff's Motion.  See Zagano, 900 F.2d at 14.  Fourth, given the previous factor, the lack of any opposition to this Motion, and also the general rule that the prospect of a second trial is not *per se* prejudicial, Kwan, 634 F.3d at

230, the Court finds no reason to conclude that the "duplicative expense of relitigation" is such an issue in this case that it should lead to a denial of Plaintiff's Motion. See Zagano, 900 F.2d at 14. Finally, Plaintiff very clearly explains that she is seeking a dismissal of the non-federal defendants so that she may instead proceed with claims in state court. See generally Mot.

Therefore, the Court grants Plaintiff's Motion and dismisses the non-federal Defendants.

## IV.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to dismiss Defendants James W. L'Episcopo, Moses-Ludington Hospital, and Inter-Lakes Health, Inc. pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED**, that all claims against Defendants James W. L'Episcopo, Moses-Ludington Hospital, and Inter-Lakes Health, Inc. are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

DATED:     July 02, 2012
           Albany, New York

Lawrence E. Kahn
U.S. District Judge